IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLOBAL EXPORT MARKETING CO. LTD,<br><br>Plaintiff,<br><br>-against-<br><br>ABDELRAHMAN A. ABBAR TRADING COMPANY,<br><br>Defendant. | Case No. 1:20-cv-3504<br><br>**COMPLAINT** |

Plaintiff, Global Export Marketing Co. Ltd. ("GEMCO" or "Plaintiff"), by and through undersigned counsel, as and for its complaint against defendant Abdelrahman A. Abbar Trading Company ("Abbar T.C." or "Defendant"), alleges as follows:

## PARTIES

1.      GEMCO is an entity incorporated under the laws of the State of New York and maintains a principal place of business in New York.

2.      Upon information and belief, Defendant is a corporation organized and existing under the laws of the Kingdom of Saudi Arabia, and has a place of business at Abbar & Zainy Building, 2587 King Fahd Road, 9th Floor, Hindawiyah, Jeddah 21451 in the Kingdom of Saudi Arabia.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs and because the action is between a citizen of a State and a citizen or subject of a foreign state.

4. Abbar T.C. consented to the jurisdiction of this Court and/or waived defenses based upon lack of personal jurisdiction through the Contract (as such term is defined below).

5. Paragraph 30 of the Contract states:

> The parties irrevocably submit to the jurisdiction of the state and federal courts of New York, New York, United States of America; provided, however, that nothing in this Agreement shall preclude either party from instituting proceedings to enforce any judgment rendered in New York, New York, United States of America.

6. There is no other provision in the Contract that precludes such enforcement of any judgment rendered by this Court.

7. Paragraph 32 of the Contract states:

> Each party hereby irrevocably waives any objection which it may now or hereafter have to the laying of venue of any suit, action, or proceeding relating to this Agreement in New York, New York, United States of America and further irrevocably waives any claim that New York, New York, United States of America is not a convenient forum for any such suit, action or proceeding.

8. Venue, therefore, is appropriate in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(3).

## FACTUAL ALLEGATIONS

9. GEMCO is an in the business of wholesale distribution of groceries and consumer goods.

10. GEMCO is the sole authorized distributor of, among other things, the brands "American Garden," "Ronzoni," "Meow Mix," and, at the time of the Contract, "Diamond."

11. Abbar T.C. is, upon information and belief, in the business of importation and distribution of groceries and consumer goods in the Kingdom of Saudi Arabia.

12. On or about May 7, 2015, GEMCO and Abbar T.C. executed an agreement (the "Contract").

13. Pursuant to the Contract, GEMCO appointed Abbar T.C. as an authorized and exclusive importer and distributor of the brands "American Garden," "Ronzoni," "Diamond," and "Meow Mix" in the Kingdom of Saudi Arabia.

14. The Contract set forth a pricing schedule for each item Abbar T.C. was authorized to import and distribute in the Kingdom of Saudi Arabia.

15. GEMCO performed all of its obligations under the Contract.

16. At the conclusion of the Contract term, on or about May 9, 2017, Abbar T.C. had a substantial outstanding statement of account that remained due and owing to GEMCO.

17. On or about June 12, 2017, the parties reached a resolution of the outstanding balance (the "Balance Agreement").

18. Pursuant to the Balance Agreement, Abbar T.C. agreed that 2,334,449.51 SAR (Saudi Arabian Riyals) was owed to GEMCO under the Contract.

19. Pursuant to the Balance Agreement, Abbar T.C. agreed to make 47 consecutive monthly payments to GEMCO in the amount of 50,000 SAR until August 2021, at which time a final payment of 34,449.51 SAR would be required.

20. The Balance Agreement further provided that in or about June 2018, Abbar T.C. would review the payment schedule to ascertain whether larger monthly payments to GEMCO would be possible.

21. The foregoing Balance Agreement was set down in an e-mail dated June 12, 2017, sent by Graham Morris, on behalf of Abbar T.C, to GEMCO.

22. In or about October 2017, Abbar T.C. made its first payment pursuant to the Balance Agreement.

23. In or about November 2017, Abbar T.C. made its second payment pursuant to the Balance Agreement.

24. However, after the second payment in November 2017, payments on the Balance Agreement ceased entirely.

25. On or about January 7, 2018, Graham Morris, on behalf of Abbar T.C., sent an e-mail to GEMCO advising that Abbar T.C. intended to get the December 2017 payment out within the following week.

26. On or about January 18, 2018, Graham Morris, on behalf of Abbar T.C., sent another e-mail to GEMCO stating that due to "unforeseen circumstances" Abbar T.C. could not make the December 2017 or January 2018 payments, and that Abbar T.C. was "working to be back up to date during February."

27. On or about February 15, 2018, Graham Morris, on behalf of Abbar T.C., sent another e-mail to GEMCO advising that "[a]ll your payments are signed off by Abdelkarim[,] it is a matter of availability of funds."

28. E-mails and conversations continued between GEMCO and Abbar T.C. through June 2019, in which Abbar T.C. made various representations regarding forthcoming funds pursuant to the Balance Agreement.

29. However, to date, GEMCO has not received any payments from Abbar T.C. pursuant to the Contract and the Balance Agreement since November 2017.

30. To date, 2,234,449.51 SAR remains due and owing to GEMCO pursuant to the Contract and the Balance Agreement.

31. As of the date of this filing, 2,234,449.51 SAR converts to approximately $595,752.79 USD.

32. Although good faith attempts by GEMCO were made to resolve this matter, the parties have not reached a resolution.

33. On or about October 1, 2019, GEMCO, through undersigned counsel, served Abbar T.C. with a good faith letter in an effort to resolve the outstanding debt owed to GEMCO.

34. Abbar T.C. failed and/or refused to respond to this letter.

35. The attempts to reach a resolution without judicial intervention were futile.

### AS AND FOR A FIRST CAUSE OF ACTION
**Breach of Contract**

36. GEMCO repeats and re-alleges each of the foregoing paragraphs as though fully set forth herein.

37. The Contract and the Balance Agreement (collectively, the "Agreements") constitute valid and binding contracts between GEMCO and Abbar T.C.

38. GEMCO complied with all of its obligations under the Agreements.

39. Abbar T.C. is in breach of the Agreements by, among other things, failing to pay make monthly payments pursuant to the Balance Agreement.

40. GEMCO has been damaged by the above-described breach of contract by Abbar T.C.

41. By reason of the foregoing, GEMCO is entitled to recover damages in an amount to be determined at trial, but in no event less than the equivalent of 2,234,449.51 SAR in U.S. Dollars at the time of judgment, plus costs, any tax or other charges imposed by law or regulation, and pre- and post-judgment interest.

## AS AND FOR A SECOND CAUSE OF ACTION
### Quantum Meruit – In the Alternative

42. GEMCO repeats and re-alleges each of the foregoing paragraphs as though fully set forth herein.

43. GEMCO provided to Abbar T.C. consumer goods pursuant to the Contract, in good faith and with the mutual understanding and reasonable expectation of being compensated for the full value of the goods.

44. Abbar T.C. requested and accepted the services rendered by GEMCO.

45. GEMCO has been damaged as a result of the failure and/or refusal by Abbar T.C. to pay for such goods.

46. By reason of the foregoing, Abbar T.C. is liable to GEMCO in quantum meruit and GEMCO is entitled to recover damages in an amount to be determined at trial, but in no event less than the equivalent of 2,234,449.51 SAR in U.S. Dollars at the time of judgment, plus costs, any tax or other charges imposed by law or regulation, and pre- and post-judgment interest.

WHEREFORE, GEMCO respectfully requests that this Court enter judgment against the Abbar T.C. and in favor of the GEMCO in the amount to be determined at trial, but in no event less than the equivalent of 2,234,449.51 SAR in U.S. Dollars at the time of judgment, plus costs, any tax or other charges imposed by law or regulation, pre- and post-judgment interest and for such other and further relief as this Court deems just, proper and equitable.

Respectfully submitted,

NORRIS McLAUGHLIN, P.A.

By: */s/ Sarah Bouskila*
Saleem Mawji, Esq. (Pro Hac Vice To Be Filed)
Sarah Bouskila, Esq.
NORRIS McLAUGHLIN, P.A.
7 Times Square, 21st Floor
New York, New York 10036
(212) 808-0700
*Attorneys for Plaintiff*