```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
GLOBAL EXPORT MARKETING CO., LTD.,                                     :
                                                                       :
                               Plaintiff,                              :
                                                                       :      20 Civ. 3504 (JPC) (SN)
          -v-                                                          :
                                                                       :           ORDER
ABDELRAHMAN A. ABBAR TRADING COMPANY,                                  :
                                                                       :
                               Defendant.                              :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Plaintiff's motion to serve Defendant with a copy of Judge Sarah Netburn's Report and Recommendation, Dkt. 55, via alternative means, Dkt, 65, is granted. As an initial matter, "[f]ederal law requires only that 'a copy of [a Report and Recommendation] be mailed to all parties,'" and that "[s]ervice by mail of the [Report and Recommendation], which begins the fourteen-day period within which a party may file objections to the report, is complete upon mailing." *Horton v. City of New York*, 636 F. App'x 822, 823 (2d Cir. 2016) (first quoting 28 U.S.C. § 636(b)(1)(C), and then citing Fed. R. Civ. P. 5(b)(2)(C)); *accord* Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under, *inter alia*, Rule 5(b)(2)(C))). Thus, the seventeen-day clock for Defendant to object to the Report and Recommendation likely commenced on January 27, 2023—the day that Plaintiff "caused a true and correct copy of the Report [and Recommendation]" to be mailed to Defendant "via Federal Express delivery." Dkt. 62-5 ("Deo Decl.") ¶ 4; *see Greene v. WCI Holdings Corp.*, 136 F.3d 313, 315 (2d Cir. 1999) ("[S]ervice under Rule 5(b) is accomplished when the envelope is deposited at a post office or in a mail box."). However, that package was ultimately lost in the mail, and when Plaintiff attempted to send another copy of the Report and Recommendation on February 15, 2023, the package was

refused by the recipient.  *See* Deo Decl. ¶¶ 6-7.  Thus, in an abundance of caution, the Court finds it prudent for Plaintiff to yet again serve Defendant with the Report and Recommendation—this time via alternative means, and that even under the stricter Rule 4 standard for service of a summons, service of the Report and Recommendation via email on Defendants' representatives would be proper.

Federal Rule of Civil Procedure 4(h)(2) provides that a foreign corporation may be served "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f)." Pursuant to Rule 4(f)(3), "[u]nless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States by other means not prohibited by international agreement, as the court orders." "Service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *Ehrenfeld v. Salim a Bin Mahfouz*, No. 04 Civ. 9641 (RCC), 2005 WL 696769, at *2 (S.D.N.Y. Mar. 23, 2005) (internal quotation marks and brackets omitted).  To obtain the Court's permission to serve via alternative means, Plaintiff "must show that the facts and circumstances of the present case necessitate district court intervention" and that the "proposed means of service . . . comport[s] with constitutional notions of due process." *Id.* (internal quotation marks, ellipsis, brackets, and citation omitted).

Here, the Court's intervention is needed for two reasons.  First, "Plaintiff does not have the option of utilizing service means authorized by the Hague Convention because Saudi Arabia is not a party to that treaty." *Id.*  Second, the Court finds that Defendant appears to be intentionally evading service based on Plaintiff's prior service attempts.  Plaintiff retained local counsel in Saudi Arabia to assist with personal service of the Report and Recommendation on Defendant.  Deo Decl. ¶ 8.  Local counsel made two attempts to personally serve Defendant with a copy of the Report and Recommendation, but both times, Defendant's representative refused service and

directed counsel to a different address. *See* Dkt. 65-1 ¶¶ 2-4. On the second attempt, counsel was directed to a different address which was invalid. *Id.* ¶ 4. As mentioned above, Plaintiff also attempted to serve Defendant with a copy of the Report and Recommendation via Federal Express, yet the shipment was refused by the recipient. *See* Deo Decl. ¶ 7, Exh. D. Moreover, Plaintiff emailed a copy of the Report and Recommendation to Defendant's representative on January 27, 2023—prior to any of these service attempts. *Id.* ¶ 5, Exh. A. Thus, Defendant was presumably on notice of Plaintiff's efforts to serve it with a copy of the Report and Recommendation, and its subsequent actions demonstrate an intent to purposefully evade such service. *See de Leon v. Abudawood*, No. 18 Civ. 1030 (JLS) (JDE), 2018 WL 6321632, at *3 (C.D. Cal. Oct. 23, 2018) (concluding that judicial intervention was necessary to serve Saudi defendants because plaintiff's attempts to serve defendants at their place of business were unsuccessful and because "Defendants' counsel would not agree to set up a time at which Defendants would be available for personal service in Saudi Arabia").

Moreover, the Court finds that service by emailing certain of Defendant's representatives would comport with due process. Counsel has identified the email addresses of three of Defendant's representatives. *See* Deo Decl. ¶ 9. Moreover, Plaintiff's president avers that he "regularly communicated" with these representatives using their email addresses in connection with business. Dkt. 65-7 ¶¶ 1, 3-6. And finally, when counsel attempted to serve one of the representatives via email, the email was not returned as undeliverable, *id.* ¶ 5, which further indicates that it is active, *see de Leon*, 2018 WL 6321632, at *4. Accordingly, the Court finds that service of the Report and Recommendation on Defendant via email to Defendant's three representatives would be reasonably calculated to apprise Defendant of the Report and Recommendation. *Compare Ehrenfeld*, 2005 WL 696769, at *3 (denying service via email on Saudi defendants because "[a]lthough courts have upheld service via e-mail, those cases involved

e-mail addresses undisputedly connected to the defendants and that the defendants used for business purposes" and "Plaintiff has provided no information that would lead the Court to conclude that Defendant . . . monitors the e-mail addresses, or would be likely to receive information transmitted to the e-mail addresses"), *with Aldossari on behalf of Aldossari v. Ripp*, No. 20 Civ. 3187, 2021 WL 259957, at *3 (E.D. Pa. Jan. 26, 2021) (permitting service via email on Saudi defendants given counsel's prior success in communicating with the Saudi defendant via email on other matters); *de Leon*, 2018 WL 6321632, at *4 (permitting service via email on Saudi defendants when counsel was able to obtain email addresses and "received no bounce back messages, indicating that the addresses are in use").

Accordingly, Plaintiff shall promptly serve Defendant's representatives via email at the email addresses identified in Plaintiff's supporting declaration and file proof of such service on the docket by March 7, 2023. The Clerk of Court is respectfully directed to close Docket Number 65.

SO ORDERED.

Dated: March 6, 2023
       New York, New York

JOHN P. CRONAN
United States District Judge

4