```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- X
                                                                        :
GLOBAL EXPORT MARKETING CO., LTD.,                                      :
                                                                        :
                             Plaintiff,                                 :     20 Civ. 3504 (JPC) (SN)
                                                                        :
              -v-                                                       :     ORDER ADOPTING
                                                                        :     REPORT AND
ABDELRAHMAN A. ABBAR TRADING COMPANY,                                   :     RECOMMENDATION
                                                                        :
                             Defendant.                                 :
                                                                        :
----------------------------------------------------------------------- X
```

JOHN P. CRONAN, United States District Judge:

Plaintiff brings this action under 28 U.S.C. § 1332, alleging breach of contract and quantum meruit claims under New York state law. Dkt. 1 ¶¶ 3, 36-46. On March 21, 2022, after Defendant failed to appear in this action or answer the Complaint, Defendant moved for a default judgment. Dkt. 52. On March 22, 2022, the Honorable Alison J. Nathan, then-presiding judge,[1] referred this case to the Honorable Sarah Netburn for a Report and Recommendation on Plaintiff's Motion. Dkt. 53. On January 9, 2023, Judge Netburn issued a Report and Recommendation, recommending that the motion be granted and that Plaintiff be awarded a judgment equivalent to 2,234,449.51 Saudi riyal. Dkt. 55

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). If no

---

[1] The case was reassigned to the undersigned on April 10, 2022.

objections are made, the Court reviews the Report and Recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation, citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. Dkt. 55 at 8-9. "Federal law requires only that 'a copy of [a Report and Recommendation] be mailed to all parties,'" and that "[s]ervice by mail of the [Report and Recommendation], which begins the fourteen-day period within which a party may file objections to the report, is complete upon mailing." *Horton v. City of New York*, 636 F. App'x 822, 823 (2d Cir. 2016) (first quoting 28 U.S.C. § 636(b)(1)(C), and then citing Fed. R. Civ. P. 5(b)(2)(C)); *accord* Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under, *inter alia*, Rule 5(b)(2)(C)). Plaintiff submitted a declaration attesting that, on January 27, 2023, Plaintiff caused a copy of the Report and Recommendation to be served on Defendant, via Federal Express, on January 27, 2023. Dkt. 57 ¶ 4. Thus, the seventeen-day clock for Defendant to object to the Report and Recommendation commenced on January 27, 2023. However, in an abundance of caution,[2] the Court ordered Plaintiff to yet again serve Defendant with the Report and Recommendation via alternative means, finding that even under the stricter Rule 4 standard for service of a summons, service of the Report and Recommendation via email on Defendant's representatives would be proper. *See* Dkt. 66. Such service was completed on March 6, 2023, Dkt. 67, yet still no objections have been filed. Defendant has therefore waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v.*

---

[2] Plaintiff advised the Court that the original Federal Express package, sent on January 27, 2023, was lost in the mail and when Plaintiff attempted to send another copy of the Report and Recommendation to Defendant on February 15, 2023, the package was refused by the recipient. Dkt. 62-5 ¶¶ 6-7.

*Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601 (2d Cir. 2008).

Notwithstanding this waiver, the Court has conducted a *de novo* review of the Report and Recommendation, and finds it to be well reasoned and its conclusions well founded. Accordingly, the Court ADOPTS the Report and Recommendation in its entirety. The Clerk of Court is respectfully directed to enter an order of default judgment against Defendant in an amount equivalent to 2,234,449.51 Saudi riyal, to close Docket Number 52, and to terminate this case.

SO ORDERED.

Dated: March 24, 2023
New York, New York

_____
JOHN P. CRONAN
United States District Judge

3